IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS D. DAILEY, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:22-CV-0186-D |
| VS. | § | |
| | § | |
| AMGAURD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action seeking relief under the Texas Insurance Code and on other claims, defendant AmGUARD Insurance Company ("AmGUARD") moves under § 542A.005(a)(1) to abate this case until the 60th day after the date plaintiffs Douglas D. Dailey and Gina Dailey give notice that complies § 542A.003 of the Texas Insurance Code. For the reasons that follow, the court denies the motion.

I

In this action, the Daileys assert claims against AmGUARD for alleged violations of the Texas Insurance Code, the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), and the Prompt Payment of Claims Act, and for breach of contract and breach of the common law duty of good faith and fair dealing. The Daileys filed this suit in Texas state court on January 18, 2022, and AmGUARD timely removed the case to this court on January 27, 2022.

Before filing suit, counsel for the Daileys sent AmGUARD a letter on November 12,

2021,[1] stating that the letter intended to provide legal notice of the Daileys' claims against AmGUARD "pursuant to Texas Insurance Code Section 542A.003." Ps. Resp. Ex. 1. AmGUARD maintains that this notice letter is insufficient because it does not comply with the exact requirements of § 542A.003. The Daileys respond that the notice letter was sufficient and that AmGUARD failed to timely provide them notice of its intent to inspect the property.[2] The court is deciding AmGUARD's abatement motion on the briefs.

II

Section 542A.003 of the Texas Insurance Code provides that, when claimants intend to sue for violations of the Code, they must give presuit notice:

> (a) In addition to any other notice required by law or the applicable insurance policy, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.
>
> (b) The notice required under this section must provide:
>
> (1) a statement of the acts or omissions giving rise to the claim;
>
> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

---

[1] Although the letter is dated September 11, 2021, it was not mailed until November 12, 2021, and AmGUARD did not receive it until November 17, 2021.

[2] In AmGUARD's reply, it acknowledges that, because its response to the presuit notice letter "was sent more than 30 days after receipt of Plaintiffs' presuit demand letter, it only moved for abatement under § 542.005(b)(1)," and "is not claiming that it is entitled to abatement under § 542A.005(b)(2)." D. Reply 2-3. Thus the question whether AmGUARD's inspection request is timely is moot.

- 2 -

> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

Tex. Ins. Code Ann. § 542A.003(a)-(b).

> [A] person against whom an action to which this chapter applies is pending may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the action is pending if the person: (1) did not receive a presuit notice complying with Section 542A.003.

*Id.* § 542A.005(a)(1).

The purpose of the notice requirement is to "discourage litigation and encourage settlements of consumer complaints by allowing the defendant-insurer a right and opportunity to make a settlement offer." *Perrett v. Allstate Ins. Co.*, 354 F.Supp.3d 755, 757 (S.D. Tex. 2018) (Rosenthal, J.) (internal citations and quotation marks removed) (*see* Tex. Ins. Code Ann. § 541.156; *In re Behr*, 2006 WL 468001, at *2 (Tex. App. Mar. 1, 2006) (mem. op.) (without presuit notice, a defendant is "denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156-.159 of the Insurance Code")).

The Daileys sent AmGUARD the notice letter more than 60 days ago. So the issue becomes whether the letter satisfied the statutory requirements. "Notice letters with specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfy the notice requirement." *Perrett*, 354 F.Supp.3d at 758 (*see also Lewis*

- 3 -

*v. Nationwide Prop. & Casualty Ins. Co.*, 2011 WL 845952, at *5 (S.D. Tex. Mar. 8, 2011);

*Richardson v. Foster & Sear, L.L.P.*, 257 S.W.3d 782 (Tex. App. 2008, no pet.); *Williams*

*v. Hills Fitness Ctr., Inc.*, 705 S.W.2d 189, 191-192 (Tex. App. 1985, writ ref'd n.r.e.)

(holding that four-paragraph notice letter satisfied the notice requirement, even though the

allegations were general and the specific facts supporting cause of action were implied)).

III

A

AmGUARD contends that the Daileys' notice letter "lack[s] sufficient information

regarding alleged acts or omissions on the part of AmGUARD that give rise to Plaintiffs'

claims." D. Mot. to Abate 4. The court disagrees. The letter contains several pages that

detail how AmGUARD allegedly mishandled the Daileys' insurance claim. It also specifies

the provisions of the Texas Insurance Code and the DTPA that AmGUARD allegedly

violated. Thus the letter sufficiently states the acts or omissions giving rise to the claims

because AmGUARD has a basis from which to imply the facts. *See Perrett*, 354 F.Supp.3d

at 758 (holding that notice letters with at least enough information to imply the facts that

support the causes of action satisfy the notice requirement); *Tipton v. State Farm Lloyds,*

2018 WL 10561527, at *3 (N.D. Tex June 19, 2018) (O'Connor, J.) ("Plaintiff's March 1,

2018 pre-suit notice provides sufficient factual allegations to put Defendant on notice of the

claims asserted against it: page two of the seven page letter includes several paragraphs

- 4 -

detailing the facts surrounding Plaintiff's property damage").[3]

B

AmGUARD also maintains that the letter from the Daileys' counsel did not include the amount of reasonable and necessary attorney's fees incurred by the claimant because the letter failed to show how the attorney's fees were calculated. The court again disagrees.

To be sure, § 542A.002(b)(3) the Texas Insurance Code requires that the claimant's attorney's fees be "calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services." Tex. Ins. Code § 542A.002(b)(3). But as Judge O'Connor has concluded, the plain language of the statute does not require that these calculations be included in the presuit notice. *See Tipton*, 2018 WL 10561527, at *3.[4] Because the notice letter sufficiently gives notice of the amount of reasonable and necessary attorney's fees incurred by the Daileys, the court holds that it

---

[3]AmGUARD contends that "there are simply no fact[s] to give AmGUARD notice of how it allegedly violated the Insurance Code," but it does not provide any legal basis for how the six-page letter from the Daileys' counsel falls short of satisfying the minimum threshold set out in the Code.

[4]Although the opinions of other judges of this court are not binding as the "law of the district," the undersigned "invariably gives serious and respectful consideration to the decisions of other judges of this court on questions of law—and typically follows them because they are usually correct and because predictability in such matters is desirable." *SEC v. Cuban*, 798 F.Supp.2d 783, 788 (N.D. Tex. 2011) (Fitzwater, C.J.). After giving such consideration, the undersigned finds Judge O'Connor's reasoning persuasive and joins it in holding that the Daileys were not required to include the calculation of attorney's fees in the notice letter to AmGUARD.

also satisfies this requirement of the statute.

The court therefore holds that the Daileys' presuit notice letter complies with all the statutory requirements of § 542A.003 of the Texas Insurance Code, and that AmGUARD's motion to abate lacks merit.

\* \* \*

For the reasons stated, the court denies AmGUARD's motion to abate.

**SO ORDERED**.

March 14, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE